UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-mj-03851-AOR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

HABIB GEAGEA PALACIOS,

       Defendant.

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on November 5, 2020, a hearing was held to determine whether defendant **HABIB GEAGEA PALACIOS** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **HABIB GEAGEA PALACIOS** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by criminal complaint in the Southern District of Florida, with conspiracy to dispense and distribute Oxycodone in violation of Title 21 United States Code, Section 846. Therefore, the defendant is charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will

reasonably assure the appearance of the defendant at all future court proceedings. Title 18, United States Code, Section 3142(e)(3)(a).

2.  The weight of the evidence against the defendant is substantial. The government has proffered that the defendant has owned a cash-only pain clinic in Miami-Florida since 2007. The defendant employed doctors who dispensed thousands of units of opioids to patients who did not need them. The government conducted several successful undercover visits to the defendant's pain clinic to obtain opioids. Two witnesses told the government that the defendant had stated that he would flee to Cuba if he got in serious trouble.

The defendant was paid between $15,000 to $18,000 in cash per week from the clinic.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on September 18, 1981 in Cuba and is a United States citizen. The defendant has frequent foreign travel including travel to Cuba at least once a year. Several witnesses have observed the defendant take large sums of cash when traveling to Cuba. The defendant's father resides in Cuba and the defendant has renovated a property in Cuba where his father resides. The defendant has multiple bank accounts with significant balances and owns nine pieces of property with over $3.5 million in net equity. The defendant faces a term of imprisonment of 13 to 20 years if convicted of the instant offense.

4.  Based on the defendant's substantial sentence if convicted, the defendants' significant assets, the large amounts of cash generated from the defendant's business, the large amounts of money deposited in the defendant's multiple bank accounts, the

defendant's frequent travel to Cuba, the defendant's propensity to take large sums of cash when traveling to Cuba, the defendant's renovation of a property in Cuba and his statements to two witnesses that he would flee to Cuba if he got in serious trouble, the undersigned believes that the defendant would not appear if released on bond. The Court specifically finds by a preponderance of the evidence that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. Based upon the above findings of fact the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **5th** day of November, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE